983 F.2d 1058
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Paul MORRIS, Defendant-Appellant.
 No. 92-5029.
 United States Court of Appeals,
Fourth Circuit.
 Argued: October 30, 1992
Decided: January 21, 1993
 
 Appeal from the United States District Court for the Northern District of West Virginia, at Elkins. Frederick P. Stamp, Jr., District Judge. (CR-91-30)
 Paul Joseph Harris, WALLACE, ROSS & HARRIS, Martinsburg, West Virginia, for Appellant.
 Thomas Oliver Mucklow, Assistant United States Attorney, Wheeling, West Virginia, for Appellee.
 William A. Kolibash, United States Attorney, Sam Nazzaro, Assistant United States Attorney, Wheeling, West Virginia, for Appellee.
 N.D.W.Va.
 AFFIRMED.
 Before PHILLIPS, WILKINSON, and LUTTIG, Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 Paul Morris appeals his conviction by jury verdict on charges of possession, distribution and conspiracy to distribute cocaine. He challenges a number of pre-trial and trial rulings. We find no reversible error and affirm.
 
 
 2
 * Morris was indicted on the drug charges along with several other defendants. Before trial, one of the co-defendants, Barrett, moved for a severance. Morris did not join in this motion nor move separately for severance. The district court denied the motion.
 
 
 3
 During the trial (after the second day), Morris's counsel brought to the court's attention that the United States Attorney's office had caused an anti-drug-use poster to be placed in the lobby of the Post Office building in which the trial courtroom was situated. Located at a point where jurors in the case necessarily would see it on the way to the courtroom, it depicted a teenager signing a billboard on which appeared the message, "line up to ... sign up for ... America's drug free decade." Morris's counsel moved for a mistrial "if ... warranted", or, alternatively, for an order requiring removal of the sign during the trial, and for a cautionary instruction to the jury. The district court denied the motion for mistrial after hearing opposing counsel's arguments. No inquiry was made as to possible impact of the poster upon the jury. In an "overabundance of precaution", however, the court directed removal of the poster for the duration of the trial. No cautionary instruction was given the jury.
 
 
 4
 On the first day of trial, it came to defense counsel's attention that the government had a fingerprint analysis report, not previously dis-closed to the defense, indicating that the only fingerprint found on a cigarette pack allegedly used as a drug package by Morris and his codefendant in a critical drug sale was not Morris's. Claiming a violation of the duty of disclosure of exculpating evidence imposed by Brady v. Maryland, 373 U.S. 83 (1963), Morris moved for a mistrial. The motion was denied.
 
 
 5
 Following return of the jury's guilty verdict, Morris moved for acquittal or, alternatively, for a new trial on grounds of the prejudicial effect of the anti-drug poster, the failure of the government to divulge before trial the allegedly exculpatory fingerprint evidence, and several of the court's evidentiary rulings. The motion was denied, and this appeal followed. On it, Morris challenges the district court's ruling on the various motions above identified. We take them in order.
 
 II
 
 6
 The court did not err in summarily denying Morris's motion for a mistrial and, following verdict, his motion for judgment of acquittal or a new trial on grounds of prejudice from the government-sponsored display of the anti-drug poster.
 
 
 7
 Morris claims that this poster display issue should be analyzed as one involving prejudicial pre-trial "publicity" in which the government itself is implicated. Relying on such cases as Sheppard v. Maxwell, 384 U.S. 333 (1966) (affirmative duty of court to protect against prejudicial media publicity), and United States v. Milanovich, 303 F.2d 626 (4th Cir. 1962) (particular duty where government implicated), he claims that the prejudice here was so manifest that acquittal is warranted, or, alternatively, that a new trial is warranted because of the court's failure to inquire into the possibility of actual jury prejudice.
 
 
 8
 We disagree. Assuming, without deciding, that the issue should be analyzed as one of a trial court's duty to protect criminal defendants from prejudicial "publicity", the district court committed no error warranting correction in its handling of this matter. The first step in assessing a claim of prejudicial pre-trial publicity is to decide "whether the publicity rises to the level of substantial prejudicial material." United States v. Jones, 542 F.2d 186, 194 (4th Cir. 1976). This is a decision for the court to make, and if it properly finds that the material doesn't rise to that level, it is then"under no duty to interrogate the jury or to take [any further protective measures]." Id.
 
 
 9
 We agree with the district court's implicit decision that this poster did not rise to the level of "substantial prejudicial material." It was not in terms aimed at this defendant, nor indeed at any criminal defendant. It repeated a general admonition to the public about the evils of drug use to which they are frequently exposed from both private and public sources. Defense counsel had himself, in his opening statement, essentially given the same message to the jury in an understandable tactical effort to defuse the government's likely approach.
 
 
 10
 The placement of such a poster on the approaches to a federal courtroom which prosecutors know will be the scene of many drug trials may well have been an imprudent invitation to just this sort of problem. But even if it was that, the district court sufficiently dealt with it by directing its removal as a precautionary measure.
 
 III
 
 11
 The claim of a Brady violation in the government's failure to produce the fingerprint report before trial is without merit.
 
 
 12
 In the first place, the evidence was not completely withheld, but only tardily disclosed. In such circumstances, even assuming the material was exculpatory in the Brady sense,"[n]o due process violation occurs so long as [it] is disclosed ... in time for its effective use at trial." United States v. Smith Grading and Paving, Inc., 760 F.2d 527, 532 (4th Cir. 1985). Here, as the district court noted, the defendant was not prevented by any delay in disclosure from making as effective use of the fingerprint report as was possible. It was used in cross-examining the expert who three days after disclosure first testified to its existence and significance. Its allegedly exculpating effect was argued to the jury. That essentially exhausts the potential for effective use of the evidence.
 
 
 13
 Having decided that, even if the material was exculpatory in the Brady sense, it was not "suppressed" for Brady purposes, we need not address the government's contention that it was not exculpatory in any event. We do note in passing that its exculpatory nature is extremely thin. Other evidence (and common sense) established that many people, including other defendants, had handled the pack. The fact that only one fingerprint-that of someone other than Morris or any of the other defendants-was found on the pack is proof of little tending to exculpate Morris. The only thing that might have been developed by pre-trial investigation based upon knowledge that the print was not Morris's was the identity of the person whose print it was. And that would have established nothing further about its exculpating quality.
 
 
 14
 The district court properly concluded that no Brady violation had occurred in declining on that basis to order a new trial or grant an acquittal.
 
 IV
 
 15
 A review of the record discloses that the assignments of error to the admission in evidence of the tape-recording of Morris's telephone conversation, and to the admission of the testimony of witnesses Hartman and Roche are wholly without merit, and do not warrant discussion.
 
 V
 
 16
 Similarly, a review of the record discloses that even if he had standing to challenge the denial of another defendant's motion for severance, Morris's challenge has no merit, and warrants no discussion.
 
 AFFIRMED